UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| AARON ISBY also known as ISRAEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:16-cv-00351-LJM-MJD |
| | ) | |
| JAYMISON BENNET, | ) | |
| J. WILLIS, | ) | |
| R. BROWN, | ) | |
| C. NICHOLSON, | ) | |
| D. RUSSELL, | ) | |
| R. MARSHALL, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry on Post-Judgment Motions**

**I.**

In his motion to recuse presiding judge, the plaintiff alleges that the undersigned is biased because he has ties with Department of Correction Officials. The plaintiff also alleges that such officials discussed this lawsuit with the undersigned before it was dismissed.

Under 28 U.S.C. 455(a), a federal judge must disqualify himself in any proceeding in which his "impartiality might reasonably be questioned." *Matter of Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998). "The standard in any case for a § 455(a) recusal is whether the judge's impartiality could be questioned by a reasonable, well-informed observer." *Id*. In *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996), the court stated that § 455(a) "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry."

A judge is presumed to be impartial. *United States v. Baskes*, 687 F.2d 165, 170 (7th Cir. 1981). This presumption is not overcome by specious and unsupported factual allegations like the ones made by the plaintiff. *See In re United States,* 158 F.3d 26, 35 (1st Cir. 1998) ("A party cannot cast sinister aspersions, fail to provide a factual basis for those aspersions, and then claim that the judge must disqualify [him]self because the aspersions, *ex proprio vigore,* create a cloud on [his] impartiality."). "If a party could force recusal of a judge by [false] factual allegations, the result would be a virtual 'open season' for recusal." *United States v. Greenough,* 782 F.2d 1556, 1558 (11th Cir. 1986) (citation omitted). Nor is recusal required on the basis of "unsupported, irrational, or highly tenuous speculation," *In re United States,* 666 F.2d 690, 694 (1st Cir. 1981), yet that is precisely the character of the petitioner's statements in his motion to recuse. Because the statements in the plaintiff's motion for recusal are baseless and false, his motion [dkt 7] is **denied.**

## II.

The motion to vacate order of dismissal and permit payment of filing fee by installments was filed within 28 days of the date judgment was entered in this action. It is therefore treated as a motion to amend judgment pursuant to Rule 59 of the *Federal Rules of Civil Procedure.* "Rule 59(e) allows a court to amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Heyde v. Pittenger*, 633 F.3d 512, 521 (7th Cir. 2011) (internal quotation omitted); *United States v. Resnick,* 594 F.3d 562, 568 (7th Cir. 2010). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted). "Relief under Rules 59(e) and 60(b) are extraordinary remedies reserved for the exceptional case…." *Foster v. DeLuca,* 545 F.3d 582, 584 (7th Cir. 2008).

First, the plaintiff argues that it was improper for the Court to hold that the applicability of the imminent danger exception to 28 U.S.C. § 1915(g)Bwhere a prisoner alleges that he "is under imminent danger of serious physical injury" – is inapplicable to his complaint. He argues that the risk of future injury to him from allegedly ongoing physical abuse, mail censorship, and acts preventing him from exercising his religion are sufficient to satisfy the imminent danger exception. But Isby's allegations regarding the mail and his religious practices allege no serious physical injury. Further, his allegations regarding "ongoing physical abuse" revolve around past allegations of the use of pepper spray in 2014 and 2015 and allegations that he has been "manhandled" and forced to wear leg shackles. The past allegations of being pepper sprayed are insufficient to show a risk of future injury and the allegations of being roughly handled and shackled are not sufficient to show an imminent risk of serious injury. The "imminent danger" exception therefore does not apply.

Isby also argues that his case should not have been dismissed *sua sponte*. But when a plaintiff who is aware that he is not entitled to proceed *in forma pauperis* files a motion seeking leave to do so without acknowledging that barrier, dismissal is required. *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999)("An effort to bamboozle the court by seeking permission to proceed *in forma pauperis* after a federal judge has held that ' 1915(g) applies to a particular litigant will lead to immediate termination of the suit.").

Finally, Isby argues that there is not sufficient evidence to show that he has three strikes. He states that the Court of Appeals ruling in *Israel v. Brown*, 14-2168 (Aug. 15, 2014), which holds that Isby has three strikes is erroneous. But this Court is bound by the rulings of the Court of Appeals and will not find an appellate ruling to be erroneous.

In short, Isby has identified no error in the ruling denying his motion to proceed *in forma pauperis* and dismissing this action. Accordingly, the motion to alter or amend the judgment [dkt 8] is **denied.**

**IT IS SO ORDERED.**

Date: ____10/6/2016____

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

AARON ISBY
892219
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838